## THOMAS COHEA *v.* THE STATE.

1. PRESUMPTION OF INNOCENCE — CHARGE OF THE COURT. — The jury were instructed that " the defendant is presumed to be innocent until his guilt is established by legal evidence, and all facts and circumstances admitted by the court to go to the jury are legal evidence." *Held*, that the latter clause was erroneous, for the reasons elucidated in *Fury* v. *The State*, 8 Texas Ct. App. 471.

2. THEFT — PRINCIPAL OFFENDERS. — To inculpate a defendant as a principal offender in the crime of theft, the State must show that he had some connection with, or complicity in the taking of the property. It does not suffice to prove that, subsequently to the taking and without complicity therein, but with knowledge that the property had been stolen, he aided the taker to dispose of it.

APPEAL from the District Court of Gonzales. Tried below before the Hon. E. LEWIS.

The appellant and one Lewis Ray were jointly indicted for theft of a gelding belonging to G. W. Carraway. The indictment charged both defendants as principal offenders. Ray, it appears, pleaded guilty.

The evidence shows that Carraway missed his horse within a few hours after it had been stolen, and from information obtained at a neighboring house, at which Ray and the appellant lived, he and his brother took a certain route in pursuit of them. After travelling some forty miles, they met Ray and the appellant riding together, but neither of them having the stolen animal. Proceeding some twenty miles farther, and into the county of Fayette, they found the gelding in the possession of Mr. Galloway, and reclaimed it from him. Mr. Galloway testified, for the State, that he had obtained the gelding from Ray, whom he had met riding it in company with the appellant. Galloway gave Ray another horse in exchange for the gelding, and the appellant made sundry suggestions in furtherance of the exchange. It was in proof that the appellant knew the gelding well, and knew that it belonged to Carraway. The horse exchanged to Ray by

Galloway was found in the horse-lot at the place where Ray and the appellant made their home, but no witness knew who put it there.

A term of seven years in the penitentiary was the punishment assessed against the appellant by the jury.

*Fly & Davidson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.  In the course of the charge the court gave this instruction: "5. The defendant is presumed to be innocent till his guilt is established by legal evidence, and all facts and circumstances admitted by the court to go to the jury are deemed legal evidence."

During the present term this court had occasion to pass upon an instruction of similar import and almost similar phraseology, and condemned it as improper to be given in charge to a jury in the trial of a criminal case. *Fury* v. *The State*, 8 Texas Ct. App. 471.  A reference to that case for an analysis of the proposition and the reasons underlying the decision is sufficient, without further discussion.  As said there with reference to the statute as to the presumption of innocence and the reasonable doubt (Code Cr. Proc., art. 727), "This law is of long standing upon our statute-book, and contains no surplusage or idle expression.  Every word employed is pregnant with meaning, and courts venture upon the hazardous when they attempt any substitution for the language of the law.  Its exactness and simplicity are not susceptible of improvement, and any change in its context, either through design or inadvertence, invariably tends to beget perplexity and often constitutes error.  This is avoided by a rigid adherence to the language of the law, in giving that law in charge to juries."

The only other error complained of, and which we deem necessary to notice, arises upon an instruction to the jury, in

effect, that if another party perpetrated the theft in Gonzales County, and the appellant, with knowledge of the unlawful intent, aided him in consummating the fraudulent design to deprive the owner of the value of the property and to convert it to his own use, the appellant would be guilty as a principal, whether he acted for pay or otherwise. This charge was excepted to, and a counter-instruction requested, in substance that, before a conviction could be had, the connection of the defendant with the original taking must be established. This instruction was refused.

It is often said that theft is a continuous offence, but cases wherein this doctrine is announced, upon examination, are generally found to be those in which a theft is perpetrated in one county, State, or country, and the stolen property is then carried by him into another. In accordance with established principles at common law, which the statutes of all our States have embodied, it is universally held that the thief may be prosecuted either in the locality of the original caption or in that to which the property has been carried, upon the principle that the legal possession of the true owner continues, notwithstanding the larceny, during each moment of the fraudulent possession of the thief, and the offence is continuous so long as the property is in course of transportation or in the actual possession of the thief. It does not follow, inevitably, that any person who joins in the enterprise, after the original caption is perfected, is necessarily a principal in such original caption. The better doctrine seems to be, that in order to bring the latter within the category of a principal, he must have been concerned in the original theft. *The Commonwealth* v. *Dewitt*, 10 Mass. 153. He need not be actually present at the taking, if the act was committed in pursuance of a common intent and a previously formed design, in which his mind united and concurred with that of the actual taker. *Welsh* v. *The State*, 3 Texas Ct. App. 413; *Scales* v. *The State*, 7 Texas Ct. App. 361.

The other errors assigned are not likely to arise upon another trial, and for those indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*